IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS NAVARRETTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OPTIONS RECOVERY SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-02156-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is defendants Options Recovery Services ("Options"), George K.L. Smith ("Smith"), Brianna Herron ("Herron"), and Pamela Thomas's ("Thomas") "Motion to Dismiss Plaintiff's First Amended Complaint [FRCP 12(b)(6)]," filed September 2, 2022. Plaintiff Tomas Navarrette ("Navarrette"), who proceeds pro se, has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the instant motion, the Court rules as follows.[1]

**BACKGROUND**

In the operative complaint, the First Amended Complaint ("FAC"), Navarrette, who states he has been "diagnosed with Bi-Polar & Substance Abuse Disorder" and is "disabled," alleges that, on or about February 4, 2022, he "was released after two years of incarceration from Santa Rita Jail through mental health diversion [granted by] Alameda County Superior Court" (see FAC ¶ 3), and, upon release, was "placed" with Options (see id.), which entity subsequently provided him "outpatient services" and "housed" him (see FAC ¶ 4).

---

[1] By order filed November 15, 2022, the Court took the matter under submission.

Navarrette further alleges that Thomas, during the time Navarrette was residing in one of Option's facilities, denied his request for a "religious exemption" from a 7:00 p.m. curfew that would have allowed him to attend religious services at the "Moorish Science Temple of America" (see FAC ¶¶ 11-12) and denied his request to pray "Islamic Prostration style" in the bedroom he shared with others (see FAC ¶¶ 14-15). According to Navarrette, such denials were "a result of discrimination" and in retaliation for complaints he had made about the "house manager" of the Options' residence in which he lived. (See FAC ¶ 14).

Navarrette alleges he then decided to seek "other housing options" and moved to a non-Options residence (see FAC ¶ 16), although he continued to participate in Option's outpatient services (see FAC ¶ 3). Navarrette further alleges that, shortly before moving out, he "scheduled an inspection with The City of Oakland" to address what he characterizes as "unsafe conditions" at the residence and sent an email complaining about the house manager to some of Options' employees, as well as to "outside agencies such as Alameda [C]ounty probation and parole offices." (See FAC ¶ 16.) According to Navarrette, Smith and Herron, in response to Navarrette's activities, refused to grant his request to reschedule his outpatient treatment sessions, which rescheduling would have allowed him to accept an offer he had received to work full-time. (See FAC ¶¶ 19-20.)

Lastly, Navarrette alleges that, after Options refused to reschedule his sessions, he sent to Options' Board of Directors a copy of the above-referenced email about the house manager, along with "an outline and detail" of "retaliation" assertedly occurring after he made such complaint (see FAC ¶ 20), and that, two days later, Herron "discharged" him from Options' outpatient services, stating he was "in a heightened mental health state" and that Options "was not the proper venue for [him]." (See FAC ¶ 21.)

Based on the above allegations, Navarrette asserts twenty-three Causes of Action. The First through Third Causes of Action assert violations of federal constitutional rights, specifically, his rights to freedom of religious expression, free speech, and equal

2

United States District Court
Northern District of California

1  protection; the Fourth through Sixth Causes of Action assert claims under the
2  Rehabilitation Act or regulations promulgated thereunder; the Seventh through Thirteenth
3  Causes of Action assert violations of the Americans with Disabilities Act ("ADA") or
4  regulations promulgated thereunder; the Fourteenth Cause of Action asserts a violation
5  of a regulation promulgated under the Health Insurance Portability and Accountability Act
6  of 1996 ("HIPAA"); and the Fifteenth through Twenty-Third Causes of Action assert
7  violations of state law.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and

1    citation omitted).

## DISCUSSION

By order filed July 27, 2022 ("July 27 Order"), the Court granted defendants' motion to dismiss Navarrette's initial complaint, finding the claims asserted therein, which consisted of causes of action brought under 42 U.S.C. § 1983, were subject to dismissal for failure to plead facts sufficient to support a finding that defendants acted under color of state law when engaging in the challenged conduct. By the instant motion, defendants argue Navarrette has failed to cure the deficiency identified in the July 27 Order, specifically, by again failing to allege facts to support a finding that defendants acted under color of state law.

**A. Federal Claims**

As explained in the July 27 Order, to state a claim under § 1983, a plaintiff must establish that the defendant deprived him of "'a right secured by the federal Constitution or laws of the United States'" and that, "'in so doing, the [d]efendant acted under color of state law.'" (See July 27 Order at 4:6-9 (quoting Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).)

For the reasons stated by defendants (see Defs.' Mot. at 6:2 – 11:28), the Court finds the FAC fails to include factual allegations sufficient to support a finding that either Options, which is a private company, or any of its employees, engaged in state action when they denied Navarrette's requests regarding religious practices, denied his request to reschedule his outpatient services, or terminated his participation in Options' outpatients services. In particular, as defendants point out, the FAC's allegations that Options provides substance abuse treatment and/or residential services do not suffice to make defendants state actors, nor does Option's entering into contracts with government agencies to provide such services. Additionally, although defendants acknowledge that a private party can be held liable under § 1983 where the private party and a government employee "acted in concert in effecting a particular deprivation of constitutional rights," see Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (internal quotation and citation

omitted), they correctly point out the FAC includes no allegations that a government employee had any involvement in the challenged conduct here.

Accordingly, to the extent Navarrette's claims require a showing of state action, namely, the First through Third Causes of Action, by which Navarrette asserts he was deprived of federal constitutional rights in violation of § 1983, and the Eighth Cause of Action, by which Navarrette asserts defendants violated Title II of the ADA, a title that only applies to "a public entity," see 42 U.S.C. § 12132, such claims are subject to dismissal.

Navarrette's remaining federal claims, specifically, the Fourth through Sixth Causes of Action, by which he asserts claims under the Rehabilitation Act or regulations promulgated thereunder, the Seventh Cause of Action and the Ninth through Thirteenth Causes of Action, by which he asserts claims under Title III of the ADA or regulations promulgated thereunder, and the Fourteenth Cause of Action, by which he asserts a claim under a regulation promulgated under HIPAA, do not require state action.  Although defendants argue those claims nonetheless should be treated as claims under § 1983, relying on the FAC's inclusion of the term "42 U.S.C. § 1983" after a recitation of the specific statute or regulation on which each of those Causes of Action is based (see, e.g., FAC at 23:6 (identifying Fourth Cause of Action as brought pursuant to "(Section 504 of the Rehabilitation Act of 1973), (Discrimination on disabled person), [29 U.S.C. § 794(a)], 42 U.S.C. § 1983")), the Court finds Navarrette's references to § 1983 constitute no more than surplusage, particularly given Navarrette's status as a pro se litigant. See Andrews v. United States, 373 U.S. 334, 338 (1963) (holding pro se petitioner's motion for resentencing under Rule 25 of the Federal Rules of Criminal Procedure properly treated as "having been brought under the provisions of 28 U.S.C § 2255" rather than under Rule 25; applying principle that "adjudication upon the underlying merits of claims is not hampered by reliance upon the titles [pro se] petitioners put upon their documents") (internal quotation and citation omitted).

Accordingly, defendants have not shown Navarrette's remaining federal claims,

1  i.e., the Fourth through Seventh Causes of Action and the Ninth through Fourteenth
2  Causes of Action, are subject to dismissal.[2]

**B. State Law Claims**

The FAC includes nine Causes of Action described by plaintiff as "State Causes of Action" (see FAC at 36:9), specifically, "Doctrine of Respondent [sic] Superior, (Negligent Hiring)," "California Civil Code § 1714(a) Willful negligent Acts," "California Penal Code § 236 (False Imprisonment)," "California Civil Code § 51(b) Religious Equal Accommodations," "CCR, Title 9, Division 4, Ch. 6, Article 5, § 10839(a) (Religious Accommodation for patients in rehabilitative services receiving state financial assistance), "CCR, Title 9, Division 4, Ch. 6, Article 5, § 10837 (Religious Discrimination)," "California Constitution Article 1 § 4," "California Code of Regulations Title 2, § 12130(a) (Discriminatory-harassing practices)," and "California Code of Regulations, Title 9, Division 1, Chapter 4.5, Article 2, § 883(b)(10) – (Right to Religious Freedom and Practice)."

Defendants argue the state law claims should be dismissed on the ground that the FAC, after reciting the titles of the nine claims as quoted above, then includes the term "42 U.S.C. § 1983." (See, e.g., FAC at 39:23-24 (identifying Eighteenth Cause of Action as brought pursuant to "California Civil Code 51(b) Religious Equal Accommodations. (42 U.S.C. § 1983)").) The Court again finds Navarrette's reference to § 1983 has no legal significance.

To the extent defendants also argue the state law claims that require state action are subject to dismissal, however, the Court agrees. Specifically, the Court finds the following claims are subject to dismissal: the Twenty-First Cause of Action, by which Navarrette alleges a violation of the free exercise clause contained in Article I § 4 of the California Constitution, see Ohno v. Yasuma, 723 F.3d 984, 992 n.12 (9th Cir. 2013)

---

[2] Although there may well be other challenges to Navarrette's remaining federal claims, the Court, in light of the limited ground raised by defendants, has not considered herein other potential deficiencies.

1  (holding "free exercise clause in . . . California Constitution protects against only
2  governmental action"); and the Twenty-Third Cause of Action, by which Navarrette
3  alleges a violation of 9 C.C.R. § 883, which regulation provides specified rights to
4  "patients placed in or committed to a treatment program in a Department of Mental Health
5  facility, see Cal. Admin. Code tit. 9, § 880, i.e., patients being treated by said state
6  agency.
7      Lastly, defendants contend Navarrette's claims under the California Code of
8  Regulations, specifically, the Nineteenth, Twentieth, and Twenty-Second Causes of
9  Action, are subject to dismissal on the ground that the regulations on which Navarrette
10 bases said claims do not provide for a private right of action.[3]  The Court again agrees.
11 The Nineteenth and Twentieth Causes of Action are based on regulations making it
12 unlawful for private entities that provide alcohol and drug services and receive state
13 funding to, respectively, fail to reasonably accommodate the client's religious beliefs, see
14 Cal. Admin. Code tit. 9, § 10839, and discriminate on the basis of religion, see Cal.
15 Admin. Code tit. 9, § 10837.  Those cited regulations, however, do not provide for a
16 private right of action; rather, the only remedy for a violation thereof is the initiation of an
17 administrative hearing by the Department of Alcohol and Drug Programs, see Cal. Admin.
18 Code tit. 9, § 10918, Cal. Gov't Code § 11136, and, if a finding is made that the private
19 entity violated § 10839 or § 10837, said Department is required to "take action to curtail
20 state funding in whole or in part," see Cal. Gov't Code § 11137.  The Twenty-Second
21 Cause of Action is based on a regulation prohibiting "retaliation against individuals who
22 exercise their rights to be free from discriminatory or harassing housing practices" and
23 "retaliation for engaging in protected activity."  See Cal. Admin. Code tit. 2, § 12130(a).
24 Said cited regulation, however, likewise does not provide for a private right of action;
25 rather, the only remedy for a violation thereof is a civil action filed by the Department of

---

[3] Although defendants also raise this argument as to the Twenty-Third Cause of Action, that claim, as discussed above, is subject to dismissal on other grounds.

Fair Employment and Housing. See Cal. Admin. Code tit. 2, § 10063(a).

In sum, as to Navarrette's state law claims, the Nineteenth through Twenty-Third Causes of Action are subject to dismissal, and defendants have failed to show the remaining state law claims, specifically, the Fifteen through Eighteenth Causes of Action are subject to dismissal.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the FAC is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent defendants seek dismissal of the First through Third, Eighth, and Nineteenth through Twenty-Third Causes of Action, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2022

MAXINE M. CHESNEY
United States District Judge